558 So.2d 1027 (1989)
B.R. and W.C., Appellants,
v.
Department of Health and Rehabilitative Services, Appellee.
No. 89-00442.
District Court of Appeal of Florida, Second District.
December 8, 1989.
Dabney L. Conner of Boswell, Stidham, Conner & Wilson, P.A., Bartow, for appellants.
Jack E. Farley of the Dept. of Health and Rehabilitative Services, Tampa, and R.S. Power, Asst. Gen. Counsel of the Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
PATTERSON, Judge.
B.R. and W.C. appeal from a final order of the Department of Health and Rehabilitative Services (HRS) denying their requests for expungement from the state abuse registry. We reverse with instructions to expunge.
The legislature has recognized the increase in the incidence of child abuse and neglect that Florida has experienced over the last few years. In response it has established a statutory scheme for the prevention of abuse and neglect. See §§ 415.501-415.513, Fla. Stat. (1987). Part of that scheme requires HRS to establish and maintain a state abuse registry which receives reports of known or suspected child abuse. See § 415.504(4)(a), Fla. Stat. (1987).
When the abuse registry receives a report, HRS investigates it and the investigator *1028 classifies the report as "confirmed," "indicated," or "unfounded." § 415.504(4)(c), Fla. Stat. (1987). A person classified by the investigator as the perpetrator of a confirmed report may be disqualified from working with children or the developmentally disabled or from working in "sensitive positions" involving the care of children, the developmentally disabled, disabled adults, or aged persons. See §§ 110.1127, 393.0655, 394.457, 396.0425, 397.0715, 402.305(1), 402.3055, 402.313, 409.175, 409.176, and 959.06, Fla. Stat. (1987).
A report is confirmed when the investigator determines that "abuse or neglect" occurred and identifies the perpetrator. § 415.503(5), Fla. Stat. (1987). "Abuse or neglect" occurs when the acts or omissions of a person responsible for a child's welfare cause or threaten "harm" to the child's physical or mental health. § 415.503(3), Fla. Stat. (1987). "Harm" includes injury sustained from "excessive corporal punishment." § 415.503(8)(a)1, Fla. Stat. (1987).
An investigator who has received an abuse report stemming from corporal punishment must decide whether the punishment was "excessive." To aid in this determination, HRS developed an internal policy that required investigators to confirm reports of excessive corporal punishment in all cases where bruises remained visible at least twenty-four hours later (the twenty-four hour rule). See, e.g., Dept. of Health & Rehabilitative Services v. D.H.S., 10 F.A.L.R. 4146 (Fla.Dept. of HRS 1988).
B.R. and W.C. were the subjects of such a report. B.R. is an assistant principal and W.C. is a teacher in the Polk County public school system. They were reported to the child abuse registry following their administration of corporal punishment to a Polk County student, S.T.
On February 23, 1988, B.R. and W.C. each gave S.T. two swats with a paddle. The paddling was administered in accordance with school board guidelines, with a paddle approved by the school board, and with prior permission from S.T.'s mother, L.J.T. That night L.J.T. observed bruises on the child's buttocks, and the following morning she reported the incident to HRS. On February 25, 1988, L.J.T. and S.T. were interviewed by HRS child abuse director Faye Chandler, and photographs of the bruises were taken by the child protection team.
At the conclusion of her investigation, Ms. Chandler followed the twenty-four hour rule and made a finding of confirmed child abuse. B.R. and W.C. were notified by letters dated March 22, 1988, that they had been confirmed as child abusers. Each requested that HRS expunge their names from the registry. When these requests were denied, B.R. and W.C. requested a formal administrative hearing.
The hearing was conducted by K.N. Ayers, a hearing officer with the Division of Administrative Hearings, on October 26, 1988. After hearing the testimony of numerous witnesses, none of whom offered an expert opinion in support of the twenty-four hour rule, Ayers on December 2, 1988, entered an order recommending that the confirmed report be maintained. Ayers did not find that the punishment was excessive; rather, he found himself bound by the twenty-four hour rule. On January 23, 1989, Gregory L. Coler, Secretary of the Department of Health and Rehabilitative Services, entered a final order adopting the hearing officer's findings of fact and denying the appellants' requests for expungement. This timely appeal followed.
Notwithstanding that HRS now disavows the twenty-four hour rule and concedes reversible error, we find it necessary to examine the underpinnings of this deprivation of due process.
Corporal punishment is authorized in the public school system. §§ 231.085, 232.27, Fla. Stat. (1987). It is defined as the moderate use of physical force or physical contact necessary to maintain discipline. § 228.041(27), Fla. Stat. (1987). By statute, instructional staff must maintain good order in the classroom and may use corporal punishment if necessary. § 232.27, Fla. Stat. (1987). School boards do not have the authority to prohibit the use of corporal punishment. § 230.23(6)(c), Fla. Stat. (1987).
*1029 HRS's twenty-four hour rule places an instructor at risk for using corporal punishment. The rule makes no provision for accidents that can happen when a student struggles; it does not recognize the fact that some students may bruise more easily than others; no medical evidence has been shown to support the rule.
In concluding that he was bound to follow the twenty-four hour rule, the hearing officer noted that an agency's interpretation of a statute it is called upon to enforce will be accorded great deference unless clearly erroneous or in conflict with the intent of the statute. While this is a correct statement of law, see Department of Environmental Regulation v. Goldring, 477 So.2d 532 (Fla. 1985), HRS's twenty-four hour rule was not "an interpretation of a statute it is called upon to enforce." The twenty-four hour rule is in the nature of an evidentiary presumption. Such presumptions arise as a matter of law, and the power to establish them is reserved solely to the courts and the legislature. An agency of the executive branch of our government has no authority to formulate an evidentiary presumption.
HRS bears the burden of proof in an administrative hearing to contest the confirmation of a child abuse report. Section 415.504(4)(d)5, Florida Statutes (1987), requires the agency to prove by a preponderance of the evidence that the perpetrator committed the abuse or neglect. In developing its twenty-four hour rule, HRS was improperly attempting to modify its statutory burden. Thus, the hearing officer was mistaken in concluding that he was bound by the twenty-four hour rule.
As an internal policy of HRS, the twenty-four hour rule also fails the test of constitutionality. The test for constitutionality of evidentiary presumptions is two-fold. First, there must be a rational connection between the fact proved and the ultimate fact presumed. Second, there must be a right to rebut in a fair manner. Straughn v. K & K Land Management, Inc., 326 So.2d 421 (Fla. 1976).
The twenty-four hour rule fails both tests. First, HRS used the twenty-four hour rule as a conclusive presumption. The agency required a finding of confirmed child abuse in all cases where bruises were visible more than twenty-four hours after the administration of corporal punishment, regardless of the circumstances. The accused person could not rebut this presumption.
Second, we hold as a matter of law that there is no rational connection between the length of time a bruise remains visible and the ultimate fact of excessive corporal punishment. To this extent we acknowledge apparent conflict with our sister court in B.L. v. Dept. of Health & Rehabilitative Services, 545 So.2d 289 (Fla. 1st DCA 1989). We find the dissent in that case well-reasoned and we adopt it as an expression of our opinion.
Whether corporal punishment is excessive must be proved in each case by competent, substantial evidence, and all relevant issues presented must be considered without resort to arbitrary presumptions fixed by the passage of time. We reverse the final order of the secretary and remand with instructions to expunge the names of B.R. and W.C. from the central child abuse registry.
SCHOONOVER, A.C.J., and HALL, J., concur.